Samuel M. Gold, J.
This is a renewal of an application by defendants, Baker, Blankman, and Farmery, for an assessment of the expenses incurred by them, including the attorney’s fees, in connection with the defense of this action. The prior motion was denied by Mr. Justice Greenberg as premature, because made before the entry of final judgment. Since that time, judgment dismissing the complaint has been entered.
The application before Mr. Justice Greenberg was stated (in the moving affidavit of defendant Blankman) to be one *468 pursuant to section 64 of the General Corporation Law. That section authorizes a person who is made a party to an action, by reason of the fact that he is a director of a corporation, to have his reasonable expenses ‘ ‘ actually and necessarily incurred by him in connection with the defense of such action ” assessed against the corporation. The complaint contained no charges whatsoever against the moving defendants and sought no damages from them. It did charge defendants Zeckendorf and Phelan (par. 18) and four others to be added as directors after an increase in the number of directors (par. 24), with being under the control of “ the Zeckendorf interests ”, but the moving defendants were not included among the directors claimed to be controlled by “ the Zeckendorf interests ”. Paragraph 32 of the complaint does not relate to the moving defendants, but only to the defendants previously alleged to be controlled by “ Zeckendorf interests ”. Indeed, the very fact that the Zeckendorf interests found it necessary to enlarge the board of directors from 7 members to 11 members, in order to (par. 24) “ control six directors of the eleven to be authorized ”, is a clear confirmation of the fact that the moving defendants are not alleged to be among those controlled by “ the Zeckendorf interests ”. The only reason for naming the movants as defendants was purely formal and procedural, viz., to obtain injunctive relief against the entire board of directors. Two of the three movants were nonresidents who were not served with process, but appeared voluntarily.
The answer submitted by the movants contained no denials of the allegations of the complaint, except a denial, as to themselves, of the allegations of paragraph 32. That paragraph, however, as previously indicated, does not relate to the movants and the denial is, therefore, meaningless. The remainder of the movants’ answer consists of cross claims against their codefendants, which still remain to be tried.
On the hearing of plaintiff’s motion for temporary injunction, the moving defendants, as the opinion of Mr. Justice Greenberg indicates (8 Mise 2d 317, 321), joined in plaintiff’s motion.
It thus appears that the moving defendants performed no services whatever ‘ ‘ in connection with the defense of such action ” (General Corporation Law, § 64), but, on the contrary, joined in the prosecution of the action. It follows that they are not entitled to avail themselves of the right to reimbursement of their expenses conferred by section 64 (supra).
The moving affidavit of Charles Trynin, on the present renewed application, makes reference to ‘ ‘ the common law rule of benefit to the corporation ” as an additional ground for the *469 granting of the present application. Assuming that the moving defendants are entitled to an allowance for benefits to the corporation resulting from their services herein, the court is of the opinion that their motion, on this theory, should nevertheless be denied as premature. Until the determination of the pending Burchill Act proceeding (Real Property Law, §§ 119-123; see 10 Mise 2d 34), it is impossible to evaluate the benefits, if any, resulting to the corporation from the services rendered by the moving defendants. Such an evaluation will be much more feasible after the results of the Burchill Act proceeding are known. At that time, this motion, insofar as it is based upon common-law principles, and not upon section 64 (supra) may be renewed.
The motion is denied insofar as it is predicated upon section 64 (supra) and denied, with leave to renew, to the extent that it is based upon common-law principles.